1  BILAL A. ESSAYLI
   Acting United States Attorney
2  CHRISTINA T. SHAY
   Assistant United States Attorney
3  Chief, Criminal Division
   CHRISTINA R.B. LÓPEZ (Cal. Bar No. 312610)
4  Assistant United States Attorney
        1200 United States Courthouse
5       312 North Spring Street
        Los Angeles, California 90012
6       Telephone: (213) 894-2475
        Facsimile: (213) 894-0141
7       E-mail:    christina.lopez@usdoj.gov

8  Attorneys for Plaintiff
   UNITED STATES OF AMERICA
9
                    UNITED STATES DISTRICT COURT
10
              FOR THE CENTRAL DISTRICT OF CALIFORNIA
11
   UNITED STATES OF AMERICA,              No. 5:25-CR-00246-JFW
12
              Plaintiff,                  PLEA AGREEMENT FOR DEFENDANT
13                                        MARTIN NAVARRO
                    v.
14
   MARTIN NAVARRO,
15    aka "Cumba,"

16            Defendant.

17

18       1.   This constitutes the plea agreement between Martin Navarro

19  ("defendant") and the United States Attorney's Office for the Central

20  District of California (the "USAO") in the above-captioned case.

21  This agreement is limited to the USAO and cannot bind any other

22  federal, state, local, or foreign prosecuting, enforcement,

23  administrative, or regulatory authorities.

24                       DEFENDANT'S OBLIGATIONS

25       2.   Defendant agrees to:

26            a.   At the earliest opportunity requested by the USAO and

27  provided by the Court, appear and plead guilty the single-count

28  indictment in United States v. Navarro, CR No. 5:25-CR-00246-JFW,

   8/23/25

1 | which charges defendant with assaulting an officer or employee of the

2 | United States, in violation of 18 U.S.C. § 111(a)(1).

3 |            b.     Not contest facts agreed to in this agreement.

4 |            c.     Abide by all agreements regarding sentencing contained

5 | in this agreement.

6 |            d.     Appear for all court appearances, surrender as ordered

7 | for service of sentence, obey all conditions of any bond, and obey

8 | any other ongoing court order in this matter.

9 |            e.     Not commit any crime; however, offenses that would be

10 | excluded for sentencing purposes under United States Sentencing

11 | Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not

12 | within the scope of this agreement.

13 |            f.     Be truthful at all times with the United States

14 | Probation and Pretrial Services Office and the Court.

15 |            g.     Pay the applicable special assessment at or before the

16 | time of sentencing unless defendant has demonstrated a lack of

17 | ability to pay such assessments.

18 | THE USAO'S OBLIGATIONS

19 |    3.     The USAO agrees to:

20 |            a.     Not contest facts agreed to in this agreement.

21 |            b.     Abide by all agreements regarding sentencing contained

22 | in this agreement.

23 |            c.     At the time of sentencing, provided that defendant

24 | demonstrates an acceptance of responsibility for the offense up to

25 | and including the time of sentencing, recommend a two-level reduction

26 | in the applicable Sentencing Guidelines offense level, pursuant to

27 | U.S.S.G. § 3E1.1, and recommend and, if necessary, move for an

28 | additional one-level reduction if available under that section.

NATURE OF THE OFFENSE

4.    Defendant understands that for defendant to be guilty of the crime charged in the single-count indictment, that is, assaulting an officer or employee of the United States, in violation of 18 U.S.C. § 111(a)(1), the following must be true: (1) defendant forcibly assaulted a federal officer or employee; (2) defendant did so while the officer or employee was engaged in, or on account of, his official duties; and (3) defendant made physical contact with the federal officer or employee.

PENALTIES

5.    Defendant understands that the statutory maximum sentence that the Court can impose for a violation of 18 U.S.C. § 111(a)(1) is: eight years' imprisonment; a five-year period of supervised release; a fine of $250,000 or twice the gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $100.

6.    Defendant understands that supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements.  Defendant understands that if defendant violates one or more of the conditions of any supervised release imposed, defendant may be returned to prison for all or part of the term of supervised release authorized by statute for the offense that resulted in the term of supervised release, which could result in defendant serving a total term of imprisonment greater than the statutory maximum stated above.

7.    Defendant understands that, by pleading guilty, defendant may be giving up valuable government benefits and valuable civic rights, such as the right to vote, the right to possess a firearm,

the right to hold office, and the right to serve on a jury. Defendant
understands that he is pleading guilty to a felony and that it is a
federal crime for a convicted felon to possess a firearm or
ammunition.  Defendant understands that the conviction in this case
may also subject defendant to various other collateral consequences,
including but not limited to revocation of probation, parole, or
supervised release in another case and suspension or revocation of a
professional license.  Defendant understands that unanticipated
collateral consequences will not serve as grounds to withdraw
defendant's guilty plea.

8.    Defendant understands that, if defendant is not a United
States citizen, the conviction in this case may subject defendant to:
removal, also known as deportation, which may, under some
circumstances, be mandatory; denial of citizenship; and denial of
admission to the United States in the future.  The Court cannot, and
defendant's attorney also may not be able to, advise defendant fully
regarding the immigration consequences of the conviction in this
case.  Defendant understands that unexpected immigration consequences
will not serve as grounds to withdraw defendant's guilty plea.

### FACTUAL BASIS

9.    Defendant admits that defendant is, in fact, guilty of the
offense to which defendant is agreeing to plead guilty.  Defendant
and the USAO agree to the statement of facts provided below and agree
that this statement of facts is sufficient to support a plea of
guilty to the charge described in this agreement and to establish the
Sentencing Guidelines factors set forth in paragraph 11 below but is
not meant to be a complete recitation of all facts relevant to the

1  underlying criminal conduct or all facts known to either party that

2  relate to that conduct.

3      On or about May 7, 2025, defendant forcibly assaulted an on-duty

4  officer, T.G., while detained at the Adelanto Detention Center in

5  Adelanto, California, within the Central District of California.

6  Specifically, defendant knowingly and intentionally punched officer

7  T.G. multiple times.  At the time of the assault, officer T.G., who

8  was a sergeant employed by a private company that contracts with the

9  Department of Homeland Security to operate the Adelanto Detention

10 Center, was engaged in his official duties and constituted a person

11 assisting federal officers under 18 U.S.C. § 1114.

12                          SENTENCING FACTORS

13     10.  Defendant understands that in determining defendant's

14 sentence the Court is required to calculate the applicable Sentencing

15 Guidelines range and to consider that range, possible departures

16 under the Sentencing Guidelines, and the other sentencing factors set

17 forth in 18 U.S.C. § 3553(a).  Defendant understands that the

18 Sentencing Guidelines are advisory only, that defendant cannot have

19 any expectation of receiving a sentence within the calculated

20 Sentencing Guidelines range, and that after considering the

21 Sentencing Guidelines and the other § 3553(a) factors, the Court will

22 be free to exercise its discretion to impose any sentence it finds

23 appropriate up to the maximum set by statute for the crime of

24 conviction.

25     11.  Defendant and the USAO agree to the following applicable

26 Sentencing Guidelines factors:

27     Base Offense Level:              10          U.S.S.G. § 2A2.4(a)

28

1   Physical Contact                    +3    U.S.S.G. § 2A2.4(b)(1)(A)

2   Defendant and the USAO reserve the right to argue that additional

3   specific offense characteristics, adjustments, and departures under

4   the Sentencing Guidelines are appropriate.

5       12.   Defendant understands that there is no agreement as to

6   defendant's criminal history or criminal history category.

7       13.   Defendant and the USAO reserve the right to argue for a

8   sentence outside the sentencing range established by the Sentencing

9   Guidelines based on the factors set forth in 18 U.S.C. § 3553(a)(1),

10  (a)(2), (a)(3), (a)(6), and (a)(7).

11                  WAIVER OF CONSTITUTIONAL RIGHTS

12      14.   Defendant understands that by pleading guilty, defendant

13  gives up the following rights:

14          a.   The right to persist in a plea of not guilty.

15          b.   The right to a speedy and public trial by jury.

16          c.   The right to be represented by counsel -- and if

17  necessary have the Court appoint counsel -- at trial.  Defendant

18  understands, however, that, defendant retains the right to be

19  represented by counsel -- and if necessary have the Court appoint

20  counsel -- at every other stage of the proceeding.

21          d.   The right to be presumed innocent and to have the

22  burden of proof placed on the government to prove defendant guilty

23  beyond a reasonable doubt.

24          e.   The right to confront and cross-examine witnesses

25  against defendant.

26          f.   The right to testify and to present evidence in

27  opposition to the charges, including the right to compel the

28  attendance of witnesses to testify.

6

g.    The right not to be compelled to testify, and, if defendant chose not to testify or present evidence, to have that choice not be used against defendant.

h.    Any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

## WAIVER OF APPEAL OF CONVICTION

15.    Defendant understands that, with the exception of an appeal based on a claim that defendant's guilty plea was involuntary, by pleading guilty defendant is waiving and giving up any right to appeal defendant's conviction on the offense to which defendant is pleading guilty.  Defendant understands that this waiver includes, but is not limited to, arguments that the statute to which defendant is pleading guilty is unconstitutional, and any and all claims that the statement of facts provided herein is insufficient to support defendant's plea of guilty.

## LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE

16.    Defendant agrees that, provided the Court imposes a term of imprisonment within or below the range corresponding to an offense level of 11 and the criminal history category calculated by the Court, defendant gives up the right to appeal all of the following: (a) the procedures and calculations used to determine and impose any portion of the sentence; (b) the term of imprisonment imposed by the Court; (c) the fine imposed by the Court, provided it is within the statutory maximum; (d) to the extent permitted by law, the constitutionality or legality of defendant's sentence, provided it is within the statutory maximum; (e) the term of probation or supervised release imposed by the Court, provided it is within the statutory

7

1  maximum; and (f) any of the following conditions of probation or

2  supervised release imposed by the Court: the conditions set forth in

3  Second Amended General Order 20-04 of this Court; the drug testing

4  conditions mandated by 18 U.S.C. §§ 3563(a)(5) and 3583(d); and the

5  alcohol and drug use conditions authorized by 18 U.S.C. § 3563(b)(7).

6      17.  The USAO agrees that, provided (a) all portions of the

7  sentence are at or below the statutory maximum specified above and

8  (b) the Court imposes a term of imprisonment within or below the

9  range corresponding to an offense level of 11 and the criminal

10  history category calculated by the Court, the USAO gives up its right

11  to appeal any portion of the sentence.

12           WAIVER OF RIGHTS CONCERNING PLEA COLLOQUY AND FACTUAL BASIS

13      18.  Defendant agrees that: (i) any statements made by

14  defendant, under oath, at the guilty plea hearing; (ii) the agreed to

15  factual basis statement in this agreement; and (iii) any evidence

16  derived from such statements, shall be admissible against defendant

17  in any action against defendant, and defendant waives and gives up

18  any claim under the United States Constitution, any statute, Rule 410

19  of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of

20  Criminal Procedure, or any other federal rule, that the statements or

21  any evidence derived from the statements should be suppressed or are

22  inadmissible.

23      Defendant further agrees that this paragraph of the agreement is

24  severable.  Thus, defendant's waivers are binding and effective even

25  if, subsequent to defendant's signing this agreement, defendant

26  declines to plead guilty, the Court declines to accept his guilty

27  plea, or, if this agreement is of the type described in Federal Rule

28  of Criminal Procedure 11(c)(1)(A) or (c)(1)(C), the Court rejects

1   this agreement.  Defendant also agrees that his waivers are binding

2   and effective even if some other portion of this agreement is found

3   to be invalid by this Court or the Ninth Circuit.

4                  RESULT OF WITHDRAWAL OF GUILTY PLEA

5        19.  Defendant agrees that if, after entering a guilty plea

6   pursuant to this agreement, defendant seeks to withdraw and succeeds

7   in withdrawing defendant's guilty plea on any basis other than a

8   claim and finding that entry into this plea agreement was

9   involuntary, then the USAO will be relieved of all of its obligations

10  under this agreement.

11                  EFFECTIVE DATE OF AGREEMENT

12       20.  This agreement is effective upon signature and execution of

13  all required certifications by defendant, defendant's counsel, and an

14  Assistant United States Attorney.

15                     BREACH OF AGREEMENT

16       21.  Defendant agrees that if defendant, at any time after the

17  signature of this agreement and execution of all required

18  certifications by defendant, defendant's counsel, and an Assistant

19  United States Attorney, knowingly violates or fails to perform any of

20  defendant's obligations under this agreement ("a breach"), the USAO

21  may declare this agreement breached.  All of defendant's obligations

22  are material, a single breach of this agreement is sufficient for the

23  USAO to declare a breach, and defendant shall not be deemed to have

24  cured a breach without the express agreement of the USAO in writing.

25  If the USAO declares this agreement breached, and the Court finds

26  such a breach to have occurred, then: (a) if defendant has previously

27  entered a guilty plea pursuant to this agreement, defendant will not

28

1   be able to withdraw the guilty plea, and (b) the USAO will be

2   relieved of all its obligations under this agreement.

3                COURT AND UNITED STATES PROBATION AND PRETRIAL SERVICES

4                              OFFICE NOT PARTIES

5        22.   Defendant understands that the Court and the United States

6   Probation and Pretrial Services Office are not parties to this

7   agreement and need not accept any of the USAO's sentencing

8   recommendations or the parties' agreements to facts or sentencing

9   factors.

10       23.   Defendant understands that both defendant and the USAO are

11  free to: (a) supplement the facts by supplying relevant information

12  to the United States Probation and Pretrial Services Office and the

13  Court, (b) correct any and all factual misstatements relating to the

14  Court's Sentencing Guidelines calculations and determination of

15  sentence, and (c) argue on appeal and collateral review that the

16  Court's Sentencing Guidelines calculations and the sentence it

17  chooses to impose are not error, although each party agrees to

18  maintain its view that the calculations in paragraph 11 are

19  consistent with the facts of this case.  While this paragraph permits

20  both the USAO and defendant to submit full and complete factual

21  information to the United States Probation and Pretrial Services

22  Office and the Court, even if that factual information may be viewed

23  as inconsistent with the facts agreed to in this agreement, this

24  paragraph does not affect defendant's and the USAO's obligations not

25  to contest the facts agreed to in this agreement.

26       24.   Defendant understands that even if the Court ignores any

27  sentencing recommendation, finds facts or reaches conclusions

28  different from those agreed to, and/or imposes any sentence up to the

1  maximum established by statute, defendant cannot, for that reason,

2  withdraw defendant's guilty plea, and defendant will remain bound to

3  fulfill all defendant's obligations under this agreement.  Defendant

4  understands that no one -- not the prosecutor, defendant's attorney,

5  or the Court -- can make a binding prediction or promise regarding

6  the sentence defendant will receive, except that it will be within

7  the statutory maximum.

8                         NO ADDITIONAL AGREEMENTS

9       25.  Defendant understands that, except as set forth herein,

10  there are no promises, understandings, or agreements between the USAO

11  and defendant or defendant's attorney, and that no additional

12  promise, understanding, or agreement may be entered into unless in a

13  writing signed by all parties or on the record in court.

14  //

15  //

16  //

17  //

18  //

19  //

20  //

21  //

22  //

23  //

24  //

25  //

26  //

27  //

28  //

1          PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

2          26.    The parties agree that this agreement will be considered

3    part of the record of defendant's guilty plea hearing as if the

4    entire agreement had been read into the record of the proceeding.

5

6    AGREED AND ACCEPTED

7    UNITED STATES ATTORNEY'S OFFICE
     FOR THE CENTRAL DISTRICT OF CALIFORNIA
8
     BILAL A. ESSAYLI
9    Acting United States Attorney

10   _____          9/2/25
                                                 _____
11   CHRISTINA R.B. LÓPEZ                        Date
     Assistant United States Attorney
12                                               9-2-25
     _____          _____
13   MARTIN NAVARRO                              Date
     Defendant
14                                               9/2/25
     _____          _____
15   YOUNG J. KIM                                Date
     Deputy Federal Public Defender
16
     Attorney for Defendant Martin Navarro
17

18

19

20

21

22

23

24

25

26

27

28

                                    12

CERTIFICATION OF DEFENDANT

This agreement has been read to me in Spanish, the language I understand best. I have had enough time to review and consider this agreement, and I have carefully and thoroughly discussed every part of it with my attorney. I understand the terms of this agreement, and I voluntarily agree to those terms. I have discussed the evidence with my attorney, and my attorney has advised me of my rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. No promises, inducements, or representations of any kind have been made to me other than those contained in this agreement. No one has threatened or forced me in any way to enter into this agreement. I am satisfied with the representation of my attorney in this matter, and I am pleading guilty because I am guilty of the charge and wish to take advantage of the promises set forth in this agreement, and not for any other reason.

_____        9-2-25
MARTIN NAVARRO                          _____
Defendant                               Date

13

CERTIFICATION OF INTERPRETER

I, MICHAEL KAGAN, am fluent in the written and spoken English and Spanish languages.  I accurately translated this entire agreement from English into Spanish to defendant Martin Navarro on this date.

_____     _____9/2/2025_____.
INTERPRETER                              Date

CERTIFICATION OF DEFENDANT'S ATTORNEY

I am Martin Navarro's attorney.  I have carefully and thoroughly discussed every part of this agreement with my client.  Further, I have fully advised my client of his rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. To my knowledge: no promises, inducements, or representations of any kind have been made to my client other than those contained in this agreement; no one has threatened or forced my client in any way to enter into this agreement; my client's decision to enter into this agreement is an informed and voluntary one; and the factual basis set forth in this agreement is sufficient to support my client's entry of a guilty plea pursuant to this agreement.

_____     _____9/2/25_____
YOUNG J. KIM                             Date
Deputy Federal Public Defender

Attorney for Defendant Martin Navarro

14